IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DUSTIN ALLEN BIGGERSTAFF,** **#00119179** *Plaintiff* | § § § § § § § § § § § | MO-25-CV-00545-DC |
| v. | | |
| **ATTORNEY AT LAW JOHANNA CURRY, IN WHOLE CAPACITY,** *Defendant* | | |

### ORDER DISMISSING PLAINTIFF'S 42 U.S.C. §1983 COMPLAINT FOR FAILURE TO STATE A CLAIM AND ASSESSING A STRIKE

Before the Court is Plaintiff Dustin Allen Biggerstaff's (Plaintiff) 42 U.S.C. §1983 Civil Rights Complaint, filed on November 17, 2025, in San Antonio, which was then transferred to this Court. [docket number 1]. This Complaint against sole Defendant/Criminal Defense Attorney Johanna Curry must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim on which relief may be granted.

I.   **Facts & procedural history**

> Plaintiff Dustin Allen Biggerstaff is and was at all times mentioned herein a prisoner of the state of texas in custody, he is currently in the Ector County detention center in the state of texas.

[docket number 1 at 1].

> My defense attorney is named Johnna Curry and I have brought this suit on her for the following prejudices due to ineffective councel on her part because I was given (60) yrs and I feel that if it werent for councels error the outcome of this case would have been different due to the following:

He then listed a number of errors that occurred at his recent criminal trial, such as that the evidence introduced against him was legally insufficient to support a conviction, the prosecutor failed to disclose exculpatory evidence, and his counsel was ineffective when she failed to secure an expert witness, failed to object to anything, neglected to call key witnesses, as well as conducted no investigation whatsoever. [*Id.* at 7–8].

For relief, he seeks the following against his sole Defendant Johanna Curry as follows:



> Punitive damages in the amount of $15,000,000.00 against each defendant and jointly and severally.
>
> Compensatory damages in the amount of $10,000,000.00 against each defendant and jointly and severally.

[*Id.* at 3].

## II.     Applicable law

When Congress enacted the Prison Litigation Reform Act of 1996 (PLRA), it specifically amended 28 U.S.C. §1915(e)(2)(B)(i) and added new §1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578,579–80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). Therefore, Plaintiff's claims herein are subject to review under §1915(e) and dismissal as frivolous regardless of whether he paid any portion of the filing fee in this cause. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

Plaintiff is proceeding *in forma pauperis* (*IFP*) in this action; therefore, the complaint is subject to the screening provisions mandated by 28 U.S.C. §1915(e). This section mandates the *sua sponte* dismissal of an action at any time before responsive pleadings are filed, if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(B)(i)–(iii); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, the Court must be cognizant of the duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e., it is based on an

undisputedly meritless legal theory) or in fact (i.e., the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511–12 (5th Cir. 1986).

Pursuant to 28 U.S.C. §1915(e)(2)(B), a court is empowered to dismiss a case if it finds that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. §1915(e)(2)(B)(i) & (ii). In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim on which relief may be granted. A court is instructed under §1915(e)(2) to "dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." *See* 28 U.S.C. §1915(e)(2)(B)(ii). In order to determine whether an action states a claim on which relief may be granted, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)) (reviewing dismissal pursuant to §1915(e)(2)(B)(ii) according to the same standard used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)).

While a complaint need not contain "detailed factual allegations" to survive §1915(e)(2)(B)(ii) analysis, it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusory allegations will not suffice. *See Mills v. Criminal Dist. Ct.*, 837 F.2d 677, 678 (5th Cir. 1988).

Here, the Plaintiff asserts entirely conclusory claims against his court-appointed counsel under 42 U.S.C. §1983. A §1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). To state a cause of action under §1983, the Plaintiff must allege facts reflecting Defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

To prevail on a §1983 claim, Plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984). Plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Woods*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). Thus, for Plaintiff to recover, he must establish that Defendant deprived him of a right guaranteed by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 139 (1979); *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984). Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference—not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Daniels*, 474 U.S. at 328; *Hare v. City of Corinth*, 74 F.3d 633, 647–48 (5th Cir. 1996).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept Plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996). After a review and consideration of the entire record, accepting all allegations as true, this Court dismisses Plaintiff's complaint against Defendant Johanna Curry in accordance with these provisions.

5

### III.     Application of *Polk County v. Dodson*

With respect to Defendant Johanna Curry, Plaintiff's court-appointed counsel, §1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under §1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied*, 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973).

To prevail on a civil rights' claim a litigant must prove that he was deprived, by one acting under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. §1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The "under color of law" requirement, means that the defendants in a §1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because they were "clothed" with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion). In other words, only *state actors*—officials acting under color of state law—may be sued under §1983.

As a matter of law, the acts of an individual's attorney in representing a criminal defendant do not constitute the necessary "state action" for a viable claim under §1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). In that case, the Supreme Court held:

> With respect to Dodson's Sec. 1983 claims ... we decide only that a public defender does not work under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shephard must be dismissed.

*Dodson*, 454 U.S. at 325.

State action is a prerequisite to liability under 42 U.S.C. §1983. "[T]he deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person who may

6

fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). This requirement means that the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299 (1941)). It is well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law. *See Dodson*, 454 U.S. at 318. Here, as in *Dodson*, the allegations pertain to trial counsel's performance of traditional attorney functions towards Plaintiff as a criminal defendant, and thus, Defendant Johanna Curry is not a "state actor" for §1983 purposes. As Plaintiff's case is not distinguishable from precedent, his case fails to state a cognizable civil rights' claim under §1983. Therefore, Plaintiff's Complaint against Defendant/Criminal Defense Attorney Johanna Curry is dismissed for failure to state a claim under *Dodson*.

## IV.   Three-strike provision

The PLRA amended 28 U.S.C. §1915, as it relates to civil actions filed by prisoners, to include a "three-strikes" provision. Section 1915(g) precludes a prisoner from bringing a civil action *IFP* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).

As Plaintiff's case is dismissed for failure to state a claim, it should count as a **STRIKE** pursuant to 28 U.S.C. §1915(g) and a copy of this order should be sent to **THE THREE-STRIKES LIST** by the Clerk of the Court.

28 U.S.C. §1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

7

>brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is warned that under this section Plaintiff will no longer be allowed to proceed *IFP* in civil rights actions once he accumulates three strikes unless he is under imminent danger of serious physical injury. A prisoner who has sustained three dismissals qualifying under the three-strikes provision may still pursue any claim, "but he or she must do so without the aid of the *i.f.p.* procedures." *See Adepegba,* 103 F.3d at 387–88.

### V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's 42 U.S.C. §1983 Complaint against sole Defendant/Defense Attorney Johanna Curry is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and §1915A(b)(1). And finally, a copy of this Order shall be sent by the Clerk of the Court to the **THREE-STRIKES LIST**.

It is so **ORDERED**.

SIGNED this 2nd day of December, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE